Ruth W. GRIBBLE, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 80–1431
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 15, 1980.

Mary E. Felps, Austin, Tex., for plaintiff-
appellant.

Hugh P. Shovlin, Asst. U. S. Atty., San
Antonio, Tex., for defendant-appellee.

Before BROWN, POLITZ and TATE,
Circuit Judges.

PER CURIAM:

Because it appears from the record that
this appeal is not timely, we must dismiss it
for want of jurisdiction. Notice of this
appeal was filed (March 31, 1980) more than
six months after the entry of final judg-
ment in the court below (September 11,
1979), but within sixty days of the court's
denial of the appellant's motion for a new
trial (February 5, 1980). That motion was
not served until October 15, 1979—thirty-
four days after the entry of final judgment,
and twenty-three days beyond the ten day
delay allowable for such motions. For rea-
sons to be stated, although a *timely* motion
for a new trial will prevent the running of
the sixty day delay period for appeal, an
*untimely* motion will not.

The appellant brought this action for judicial review of the final decision of the Secretary of Health and Human Services denying her claim for social security disability benefits. On September 11, 1979, the United States District Court for the Western District of Texas entered its final judgment granting the Secretary's motion for summary judgment. On October 18, 1979, the appellant filed a "Motion for Rehearing" (new trial), asking the district court to set aside its judgment and upon reconsideration to deny the summary judgment and remand the case to the Secretary for a new hearing. On February 5, 1980, the district court denied the appellant's motion, and the appellant filed notice of her appeal on March 31.

■ In civil cases in which the United States or an officer thereof is a party, notice of appeal must be filed within sixty days of the date of entry of the judgment appealed from. Fed.R.App.P. 4(a)(1). The delay period for appeal is "mandatory and jurisdictional." *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, *rehearing denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *Edwards v. Joyner,* 566 F.2d 960, 961 (5th Cir. 1978). It is, however, tolled by the timely filing of a motion pursuant to Rule 52(b) (to amend or make additional findings of fact and to amend the judgment accordingly), or to Rule 59 (for a new trial or to alter or amend the judgment) of the Federal Rules of Civil Procedure, and it commences anew from the denial of such motion. Fed.R.App.P. 4(a)(4).

■ As a general rule, the untimely filing of such motions will not toll the running of the delay period for appeal. *Browder v. Director, Illinois Department of Corrections,* 434 U.S. at 264–65, 98 S.Ct. at 561; *Martin v. Wainwright,* 469 F.2d 1072, 1073 (5th Cir. 1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). However, an exception to this rule has been recognized allowing an appeals court to assume jurisdiction of an untimely appeal when there is a showing of "unique circumstances" that would render it unfair to dismiss the appeal. *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962); *Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061, 1063 (5th Cir. 1979). *See Eady v. Foerder,* 381 F.2d 980 (7th Cir. 1967); 4 C. Wright & A. Miller, Federal Practice and Procedure;—Civil § 1168 (1969).

■ The Federal Rules of Civil Procedure establish a strict ten day delay period for the serving of motions under Rule 52 and Rule 59(b) and (e). Fed.R.Civ.P. 52(b), 59(b) & (e). These periods, too, are jurisdictional, *see Martin v. Wainwright,* 469 F.2d at 1073, and cannot be extended in the discretion of the district court. Fed.R. Civ.P. 6(b). As Wright & Miller point out, however, the "unique circumstances" doctrine has been used by circuit courts of appeal to temper the strict requirements of Rule 6(b), and to allow untimely appeal, when the appellant has reasonably relied upon a district court's erroneous extension of the time allowed for filing Rule 52 or Rule 59 motions, or its entertaining of such motions despite their untimeliness. 4 Wright & Miller, *supra,* § 1168.

■ In the instant case, the appellant's motion for a new trial was served some thirty-four days after the entry of final judgment in the district court—well beyond the ten day period provided in Rule 59. Thus, it must be held to have been untimely and insufficient to have interrupted the running of the sixty day delay period for appeal.

Application of the "unique circumstances" doctrine would be particularly inappropriate with regard to this appellant. Having waited, with no apparent good reason, for more than three times the allowable delay period before serving her motion for a new trial, and having faced the appellee's objection to the untimeliness of her motion (an objection raised within the sixty day period allowed for appeal), she was clearly on notice that her motion was not timely and that the delay period for appeal had not been interrupted, and any reliance she

might have placed on the district court's entertaining of her motion can hardly be characterized as reasonable. 4 Wright & Miller, *supra*, § 1168, at 641 & n. 22.

Since the applicable delay period has run, this court is without jurisdiction to hear this appeal and must therefore dismiss it.

APPEAL DISMISSED.