**In the Matter of VECCO CONSTRUCTION INDUSTRIES, INC., Debtor.**

**VECCO CONSTRUCTION INDUSTRIES, INC., Plaintiff,**

**v.**

**CENTURY CONSTRUCTION COMPANY OF WASHINGTON, D.C., INC., Defendant.**

**Bankruptcy No. 79–224–A. Complaint No. 14.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Oct. 17, 1983.

**758**

Stanley J. Samorajczyk, Hazel, Beckhorn & Hanes, Jack Rephan, Special Counsel, Braude, Margulies, Sacks & Rephan, Chartered, Fairfax, Va., for debtor.

Craig B. Dunbar, Gregory J. Miner, Arlington, Va., for defendant.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

On June 21, 1983, this Court entered a Memorandum Opinion and order of judgment in the above-styled complaint, 30 B.R. 945 (Bkrtcy.1983). Defendant, Century Construction Company of Washington, D.C., Inc. ("Century"), subsequently filed a motion to amend the findings of fact and the judgment, upon which motion the parties filed briefs and presented oral arguments to the Court.

█ The basis for Century's motion is that the plaintiff, Vecco Construction Industries, Inc. ("Vecco"), never billed Century for completion or substantial completion of two items identified in the mutually-agreed trade payment breakdown as "slab on grade" and "walls to first floor." Rather, Century argues that the judgment awarded to Vecco by the Court should be reduced by $99,789.60 for the "slab on grade" and by $48,720.00 for the "walls to first floor," making a total reduction of $148,509.60, to conform with the sixteen and seventy-one per cent of completion stated for the two items respectively in Vecco's final requisition to Century.

Vecco concedes that it never billed Century for 100 per cent of the "slab on grade" and that its total bill for the first four items in the trade payment breakdown was less than the amount found by the Court for said items. Vecco argues, however, that Century should not be permitted to obtain only those adjustments which would benefit Century. It is Vecco's position that the evidence would support a finding of a high-

er percentage of completion than found by the Court for other parts of the building, which adjustment would substantiate the award to Vecco of at least the amount of the judgment entered on June 21, 1983.

The evidence adduced at trial included a series of requisitions, concrete pour logs, contradictory sets of construction drawings allegedly marked to show completed work, job progress photographs and oral testimony. Century attacked the requisitions as reflecting a practice by Vecco of consistent overbilling for its work.

Raymond P. Curry, president of the debtor, testified on the first day of the trial, at Transcript Volume I, page 128, that Vecco had substantially completed the "slab on grade." Vecco's final requisition, however, fails to corroborate Curry's statement and shows instead that Vecco claimed only to have completed sixteen percent of the work on this item. Regarding the "walls to first floor," the same requisition shows that Vecco claimed only seventy-one per cent completion. Vecco's own requisition, accordingly, substantiates the relief sought by Century.

█ In its response to Century's motion, and in oral argument before the Court, Vecco argues that the equities demand that the Court not limit any grant of relief to the adjustments sought by Century. Vecco, although it also had the right to request amendments to the Court's findings and the judgment, never filed any affirmative pleadings in the matter. Rather, Vecco has raised the question of additional adjustments only in its response to the motion by Century.

Rule 52(b) of the Federal Rules of Civil Procedure provides for amendment of the Court's findings "[u]pon motion of a party." Fed.R.Civ.P. 52(b). Such a motion must be made "not later than 10 days after the entry of judgment." *Id.* This ten-day limit may not be enlarged and has been strictly enforced by the courts. Fed.R.Civ.P. 6(b); *Gribble v. Harris*, 625 F.2d 1173 (5th Cir. 1980); *Cline v. Hoogland*, 518 F.2d 776 (8th Cir.1975).

Once the ten-day period for making a motion under Rule 52(b) has expired, a par-

ty may obtain relief only by appeal or, in appropriate circumstances, by filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60(b). As under Rule 52(b), however, relief is available under Rule 60(b) only if the aggrieved party acts affirmatively by filing a motion.

Here, Vecco failed to act within the ten-day period under Rule 52(b) and has raised its objections to the Court's findings only in response to Century's motion. Accordingly, the Court cannot treat the matters raised by Vecco as a motion for relief under Rule 60(b) but rather must grant the motion of Century for amendment to the findings of the Court and to the judgment.

Century further has moved that the Court strike three exhibits presented by Vecco at the hearing on Century's motion. These exhibits, which consist of a series of tables, never were formally introduced or admitted but merely presented to assist the Court in following Vecco's argument. In view of the Court's disposition of the motion to amend the findings and the judgment, however, the Court concludes that the motion to strike exhibits is moot.