Otis Lee **FAIRLEY**, Plaintiff-Appellant,

v.

Lloyd **JONES**, et al.,
Defendants-Appellees.

No. 86–4419.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 1987.

Otis Lee Fairley, pro se.

Kenneth K. Crites, Aultman, Tyner, Weathers & Gunn, Hattiesburg, Miss., for defendants-appellees.

Before WISDOM, HIGGINBOTHAM and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case is before us for the second time. On May 3, 1982, pro se plaintiff Otis Lee Fairley sued Sheriff Lloyd Jones, Deputy Sheriff Windy Grubbs, and Wade Parham, investigator for the district attorney's office, for damages under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his nine-month incarceration as a pretrial detainee at a Mississippi County Jail. After a bench trial before a magistrate, Fairley was awarded nominal damages and attorney's fees against Jones and Grubbs.[1] On appeal, we affirmed the award of nominal damages, but remanded for findings on Fairley's claims of punitive damages and attorney's fees. The district court on remand found that Fairley was a prevailing party entitled to attorney's fees, but concluded that Fairley could not recover punitive damages.

The district court entered judgment on March 18, 1986. On March 28, 1986, Fairley sought an extension of time in which to file a Motion for Rehearing. The magistrate granted an extension until April 15, 1986, and Fairley filed the Motion for Rehearing on that date. On May 21, 1986, the magistrate denied Fairley's motion, treating it as a motion for new trial. Fairley filed his Notice of Appeal on June 2, 1986. We granted his motion to proceed in forma pauperis and requested that the parties brief whether notice of appeal was filed timely.

On the merits, Fairley contends that the magistrate erred by not awarding punitive damages and by not determining whether Fairley knowingly and intelligently waived his right to a jury trial on remand. We are persuaded that Fairley's notice of appeal was timely, and we affirm.

I

Fairley filed notice of appeal seventy-six days after the entry of final judgment. Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that the losing par-

---

1. The magistrate rendered judgment for Parham, which we affirmed when this case was first before us.

ty must file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." The district court, "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by [Rule 4(a)(1)]." Fed.R.App.P. 4(a)(5). If a timely Rule 59 motion for a new trial is filed, however, the time for appeal "shall run from the entry of the order denying a new trial." Fed.R.App.P. 4(a)(4). Rule 59(b) of the Federal Rules of Civil Procedure provides, "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." The district court may not extend this time. Fed.R.Civ.P. 6(b). Thus, if the time for noticing the appeal began on the date of final judgment, Fairley's notice of appeal is untimely. But if the time began to run when the magistrate denied the extended new trial motion, we have jurisdiction of Fairley's appeal.

On the face of the rules, Fairley's notice of appeal is untimely, since Rule 6(b) prohibits time extensions for new trial motions. Thus, Fairley's motion for new trial was untimely and in turn so was his notice of appeal. The Supreme Court, however, has developed a "unique circumstances" exception to the letter of the rules. *See Wolfsohn v. Hankin*, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (mem.), *rev'g* 321 F.2d 393 (D.C.Cir.1963); *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam).

In *Thompson*, twelve days after final judgment, Thompson notified INS that he would file motions to amend certain findings and for new trial. The INS did not object, and the trial court stated that the motion was filed in ample time. The motions were later denied, and Thompson appealed within 60 days of the denial of the motion, but more than 60 days after judgment. The Court permitted the appeal be-

cause Thompson relied on the statement of the district court that the motion was timely. Had the district court denied the extension, Thompson could have appealed within 60 days of judgment. *Thompson*, 375 U.S. at 386–87, 84 S.Ct. at 398. The Court concluded that "in view of these 'unique circumstances,'" Thompson's appeal was timely. *Id.* at 387, 84 S.Ct. at 399 (quoting *Harris Truck Lines*, 371 U.S. at 217, 83 S.Ct. at 285).

The Supreme Court reaffirmed the "unique circumstances" exception in *Wolfsohn*.[2] In that case, the district court entered summary judgment for defendant on May 7, 1962. Four days later, the court granted an extension of time for plaintiff to file a motion for rehearing. On June 11, the motion for rehearing was filed. The motion was denied on October 12, and notice of appeal followed on November 3. The D.C. Circuit held that the district court lacked the power to extend the time for filing a motion for rehearing. Since the motion for rehearing was therefore untimely, the court held that the time for appeal was not tolled. 321 F.2d at 394. The Supreme Court summarily reversed, citing *Thompson*. *Wolfsohn*, 376 U.S. at 203, 84 S.Ct. at 699.

■ The present case fits squarely within *Wolfsohn*. Fairley sought extension of time within the 10 days for filing his motion for new trial. The magistrate then extended the time, and Fairley filed his motion within the extended deadline. By the time the magistrate denied the motion, however, the original time for filing notice of appeal had run. Under *Wolfsohn*, the reliance of a pro se litigant, like Fairley, on the magistrate's extension of time constitutes unique circumstances justifying our exercise of jurisdiction.

Jones and Grubbs argue that our decision in *Gribble v. Harris*, 625 F.2d 1173 (5th Cir.1980), suggests that Fairley's notice of appeal is untimely. In *Gribble*, the appellant moved for rehearing thirty-four

---

2. The Supreme Court reversed in a memorandum opinion that did not give a statement of the facts. The facts and procedural history of the

case are found in the circuit court opinion. 321 F.2d 393 (D.C.Cir.1963).

days after entry of judgment and twenty-three days beyond the ten day delay permitted for such motions. The district court denied the motion over three months later. The appellant then filed notice of appeal within sixty days of the denial of the motion for rehearing, but nearly seven months after judgment. We held the appeal untimely and explained why the "unique circumstances" doctrine did not apply:

> Application of the "unique circumstances" doctrine would be particularly inappropriate with regard to this appellant. Having waited, with no apparent good reason, for more than three times the allowable delay period before serving her motion for a new trial, and having faced the appellee's objection to the untimeliness of her motion (an objection raised within the sixty day period allowed for appeal), she was clearly on notice that her motion was not timely and that the delay period for appeal had not been interrupted, and any reliance she might have placed on the district court's entertaining of her motion can hardly be characterized as reasonable.

*Id.* at 1174–75.

■ The present case differs from *Gribble* because Fairley sought the extension within the ten-day limit for filing a motion for new trial. Thus, if the magistrate had denied the request under Rule 6, Fairley presumably still could have timely filed his motion for new trial. Unlike *Gribble*, then, we cannot say that Fairley's reliance on the magistrate's enlargement was unreasonable.

We recognize that in other contexts since *Thompson* and *Wolfsohn* the Supreme Court has required strict compliance with filing deadlines. *See, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). But these cases do not purport to overrule *Wolfsohn,* and as we have explained, the present case is indistinguishable from *Wolfsohn.* Indeed, as a pro se plaintiff, Fairley presents a more compelling case than *Wolfsohn.* Although we join others who have expressed hesitation about *Thompson* and *Wolfsohn, see, e.g.,*

*Wolfsohn,* 376 U.S. at 203, 84 S.Ct. at 699 (Clark, J., dissenting) (Justices Harlan, Stewart and White joined the dissent); *Butler v. Coral Volkswagen, Inc.,* 804 F.2d 612, 617–18 (11th Cir.1986); *Bailey v. Sharp,* 782 F.2d 1366, 1373 (7th Cir.1986) (Easterbrook, J., concurring), as an inferior court we must follow *Wolfsohn.*

## II

Fairley argues that the magistrate erred by not awarding punitive damages in his civil rights action. He contends that the magistrate applied an incorrect legal standard and abused its discretion in refusing to award him punitive damages.

The magistrate denied Fairley's request for punitive damages on remand from this court, stating:

> In terms of punitive damages, this Court finds, without necessity of further hearing, that the activity of the defendants, Jones and Grubbs, that caused this Court to award nominal damages for the Plaintiff does not call for an award of punitive damages. The action of these Defendants was at least in reckless disregard of the Plaintiff's rights, and could be construed as outrageous conduct; however, this court finds that the filing of this action and the trial on the merits of this action, with the court rulings, will deter the Defendants and others similarly situated in Simpson County, Mississippi, from similar conduct in the future. An award of punitive damages therefore is not necessary and will not be entered.

Fairley first argues that the magistrate erred in requiring both a finding of reckless conduct and a finding that it would deter the defendants from similar conduct in the future. Fairley contends that all that is required for an award of punitive damages is a finding of reckless conduct.

■ The Supreme Court has held that a showing of "reckless or callous disregard for the plaintiff's [constitutional] rights, as well as intentional violations of federal law, should be sufficient to trigger a [factfinder's] *consideration* of the appropriateness of punitive damages." *Smith v. Wade,* 461

U.S. 30, 51, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632 (1983) (emphasis added). Thus, to trigger an inquiry into punitive damages a party must establish reckless or callous disregard for his rights. But the fact that such a showing is made does not automatically entitle one to recover punitive damages. In *Lee v. Southern Home Sites Corp.*, 429 F.2d 290 (5th Cir.1970), we stated:

> The allowance of [punitive] damages inherently involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent. Therefore, the infliction of such damages, and the amount thereof when inflicted, are of necessity within the discretion of the trier of fact.

*Id.* at 294. Accordingly, the magistrate's consideration of whether punitive damages were necessary to deter future misconduct was within the magistrate's discretion.

■ Fairley argues that the magistrate committed clear error in concluding that punitive damages were not necessary in order to deter future misconduct. *See Raley v. Fraser*, 747 F.2d 287, 290 (5th Cir. 1984) (facts underlying punitive damages ruling reviewed for clear error). Fairley's challenge to this ruling stems from the magistrate's failure to credit the affidavits of other inmates filed in support of his motion for new trial on remand. The affidavits did little more than express the opinion of several prisoners that the misconduct will continue. These affidavits presented no issue for trial. The magistrate was acting within the scope of its discretion in denying Fairley's request for punitive damages.

### III

■ Fairley argues that after this case was remanded by the Fifth Circuit and before the magistrate issued the order denying Fairley's claim for punitive damages, he requested in a letter to the clerk of the district court that a jury be impaneled to determine punitive damages. Fairley argues that the magistrate violated his right to a jury trial on the issue of punitive damages. But "[o]nce effectively waived, the right to a jury trial is not revived by a reversal or a new trial. It is discretionary with the court whether to allow a jury for the second trial." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 104 (1971). Fairley apparently does not contest that he initially waived jury trial. Thus, whether to allow a jury to consider punitive damages on remand was in the discretion of the magistrate. That discretion was not abused here since the magistrate entered a finding on punitive damages without conducting a new hearing.

AFFIRMED.