IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60241
Summary Calendar
_____


DERRITT RAYMON SWEARINGTON,

                                        Plaintiff-Appellant,

versus

POLICE DEPARTMENT OF THE CITY OF JACKSON, MISSISSIPPI;
WILLIAM GLADNEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-627-BN
--------------------
August 10, 2000

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

     This case involves an appeal by Derritt Raymon Swearington (Swearington) from the district court's dismissal of his civil rights claim on statute of limitations grounds.  Swearington's motion for leave to file a supplemental brief is GRANTED.

     This court has a duty, *sua sponte*, to determine whether it has appellate jurisdiction.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  The district court entered final judgment on January 28, 2000.  Swearington filed a motion for reconsideration on February 22, 2000.  Although construed as a Fed. R. Civ. P.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

59(e) motion by the district court, it is more appropriately characterized as a Rule 60(b) motion because it was filed more than 10 business days after the entry of the final judgment. See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986) (en banc). The district court had no authority to extend the 10-day period for filing a Rule 59(e) motion. Fed. R. Civ. P. 6(b); Fairley v. Jones, 824 F.2d 440, 442 (5th Cir. 1987). Swearington's Rule 60(b) motion did not toll the time he had to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A).

Swearington's notice of appeal, filed on March 20, 2000, does not indicate what order he is appealing. "[F]ailure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." Turnbull v. United States, 929 F.2d 173, 177 (5th Cir. 1991) (citation omitted).

Swearington's original brief challenges the district court's denial of his motion for default judgment. His supplemental brief additionally challenges the district court's dismissal of his civil rights claim as time-barred. Swearington had 30 days from the entry of the final judgment to appeal the denial of his motion for default judgment and the dismissal itself. Fed. R. App. P. 4(a)(1); see also Schwarz v. Folloder, 767 F.2d 125, 129 n.4 (5th Cir. 1985). Because Swearington's notice of appeal was filed more than 30 days after the January 28, 2000, final judgment, this court lacks jurisdiction to review the denial of his motion for default judgment or the judgment of dismissal.

Swearington's notice of appeal was filed within 30 days of the denial of the Rule 60(b) motion and therefore, was timely filed in relation to the Rule 60(b) motion. However, neither his notice of appeal nor his original and supplemental briefs suggests that he intended to appeal the denial of his Rule 60(b) motion.

As Swearington's notice of appeal was filed more than 30 days after the final judgment, this court lacks jurisdiction to review the district court's denial of his motion for default judgment or its judgment of dismissal.

Swearington's motion for leave to file a power of attorney with this court is denied as moot.

Motion for leave to file supplemental brief GRANTED; motion to enter power of attorney DENIED as moot; appeal DISMISSED for lack of jurisdiction.