IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11307
Summary Calendar
_____

LEO FREDICK GEIER,

                                        Plaintiff-Appellant,

versus

JOHNNY WILLIAMS, Etc.; ET AL.,

                                        Defendants,

BILL WILEY, Deputy, Hood County Sheriff's Department;
DAN THOMAS, Deputy, Hood County Sheriff's Department,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:00-CV-1523-A)
--------------------
May 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Leo Fredick Geier, Texas prisoner #
915221, appeals the summary judgment dismissal of his 42 U.S.C. §
1983 complaint.  He contends that the district court erred in
determining that his claims were barred by the doctrine of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

collateral estoppel, because the defendant police officers were not parties or in privity with a party to his criminal proceedings.

The district court was without authority to construe Geier's motion for reconsideration as a motion under FED. R. APP. P. 4(a)(4) which suspended the time in which to file a notice of appeal, because the motion was filed more than 10 days after entry of judgment. Therefore, his notice of appeal was not timely filed. See FED. R. CIV. P. 6(b); Fairley v. Jones, 824 F.2d 440, 442 (5th Cir. 1987). This makes jurisdiction an issue. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

The district court denied Geier's motion for extension of time in which to file a notice of appeal as moot without making a determination whether he could show "excusable neglect" or "good cause." See FED. R. APP. P. 4(a)(5)(A)(I), (ii). We choose not to remand the case for such a determination, however, because the appeal is frivolous, making remand futile. See Alvarez, 210 F.3d at 310.

We review the district court's summary judgment determination de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). Texas's doctrine of collateral estoppel requires, inter alia, that the party against whom the defense is asserted has been a party or in privity with a party in the first action. McCoy v. Hernandez, 203 F.3d 371, 374 (5th Cir. 2000). The defense of collateral estoppel is being asserted against Geier,

who was a party to his criminal proceedings; <u>McCoy</u> is therefore not controlling, and Geier has not demonstrated any error on the part of the district court in applying the doctrine.

As for Geier's assertions that the district court erred in applying the other elements of the doctrine, he is deemed to have abandoned them because he raised this argument for the first time in his reply brief. <u>See</u> <u>Cinel v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994). Additionally, Geier's argument that the summary judgment violated the doctrine of "law of the case" is rejected as legally frivolous.

This appeal is without arguable merit and is thus dismissed as frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.