IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60065
Summary Calendar

_____

KELVIN CROWELL,

                                    Plaintiff-Appellant,

versus

BILLY SOLLIE, Sheriff, Lauderdale County Jail;
GILBERT PINTO, DR.; MARIA SERAPIO; Director; MICHAEL SUMNER,
Captain; REGINA REED, Correctional Officer at SMCI; JAMES
ANDERSON, Commissioner, MDOC,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:00-CV-18-PG
--------------------
February 3, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Kelvin Crowell appeals the grant of summary judgment for
Sheriff Billy Sollie on his 42 U.S.C. § 1983 suit and the jury
verdict dismissing his claims against Dr. Gilbert Pinto, Dr.
Maria Serapio, and Regina Reed.  He also appeals the grant of
judgment as a matter of law to Captain Michael Sumner and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Commissioner James Anderson and the denial of his new-trial motion.

Crowell's new-trial motion was filed well outside the ten-day period to file such a motion under FED. R. CIV. P. 59(e). The ten-day period for filing a Rule 59 motion is jurisdictional and cannot be extended by the district court.  Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980); see also Fairley v. Jones, 824 F.2d 440, 442 (5th Cir. 1987); FED. R. CIV. P. 6(b). Therefore, despite Crowell's request for an extension of time to file his motion, his Rule 59 motion was untimely, making his notice of appeal insufficient to confer jurisdiction over an appeal of the underlying judgment.  See Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980); see also Fairley v. Jones, 824 F.2d 440, 442 (5th Cir. 1987); FED. R. CIV. P. 6(b); FED. R. APP. P. 4(a)(4)(A)(v).

Crowell's new-trial motion may be construed as a motion under FED. R. CIV. P. 60(b), but the denial of a Rule 60(b) motion does not bring up the underlying judgment for review.  See In re Ta Chi Navigation (Panama) Corp., S.A., 728 F.2d 699, 703 (5th Cir. 1984).  Therefore, the only argument that Crowell raises here over which this court has jurisdiction is the grant of summary judgment to Sollie.  We review the denial of a Rule 60(b) motion for abuse of discretion.  See Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).

Crowell argues that summary judgment should not have been granted for Sollie because there were fact issues in dispute. The record demonstrates that Sollie met his burden of showing an absence of evidence to support Crowell's case. Sollie's documentation showed that Crowell was sent to an optometrist a week after requesting an eye appointment and that the Lauderdale County Detention Facility was not aware that Crowell needed further evaluation until after Crowell had been transferred.

Crowell did not go beyond the pleadings and designate specific facts showing that there was a genuine issue of material fact for trial with regard to deliberate indifference to his serious medical needs. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-27 (1986). Moreover, Crowell's conclusional assertion that Sollie was responsible for alleged constitutional violations does not provide a basis for a civil rights action. See Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990). Consequently, the magistrate judge did not abuse his discretion in not granting Crowell's motion for a new trial, and the denial of that motion is AFFIRMED.

AFFIRMED.