United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30376
Summary Calendar

_____

JERRY L. ROBINETT,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.;
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
Veterans Administration of; E. ROSS BUCKLEY, JR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-842-R
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerry L. Robinett, a non-prisoner, appeals the district court's grant of summary judgment for defendants State Farm Mutual Automobile Insurance Company (State Farm), the Veteran's Administration of the U.S. Department of Veteran's Affairs (VA), and E. Ross Buckley Jr., an attorney representing State Farm, and the dismissal of his claims for state law invasion of privacy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against State Farm and Buckley, and Federal Tort Claims Act (FTCA), 28 U.S.C. 2671, and Privacy Act, 5 U.S.C. 522a claims against the VA.

The VA has filed a motion to dismiss the appeal, arguing that Robinett's notice of appeal was untimely because the district court did not have the authority to grant an extension of time for Robinett to file his motion for new trial. Based on the application of the unique circumstances exception recognized in Fairley v. Jones, 824 F.2d 440, 442 (5th Cir. 1987), we choose to exercise jurisdiction over this appeal. The VA's motion to dismiss the appeal is DENIED.

The district court granted the VA's motion to dismiss Robinett's FTCA claim because he had failed to exhaust his administrative remedies. Robinett does not address the district court's dismissal of his FTCA claim in his appellate brief, and so he has abandoned his FTCA claim. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Robinett argues that the VA violated federal regulations when a paralegal working at the Regional Counsel's Office authorized the release of his medical files. He contends that the regulations require the Regional Counsel to personally investigate the lawfulness and appropriateness of such an order. He bases his argument on 38 C.F.R. § 1.511(c)(3)(ii) which provides that the Regional Counsel determine whether the records should be released pursuant to a state court order. It is

contemplated by the regulation that employees of the Regional Counsel "having reasonable knowledge of the requirements of this regulation" will be able to handle such requests. 38 C.F.R. § 1.511(c)(3)(ii).

Robinett argues that he provided evidence, sufficient to defeat summary judgment, that the VA intentionally and willfully, and with flagrant disregard for his privacy, released his medical records. He contends that the district court erred in its determination that State Farm had a right to discover his medical records because they were relevant to the state court litigation. The state court issuing the order determined that his records were relevant, and the employees of the Regional Counsel, after reviewing the order and supporting documentation as required by the regulation, determined that the "disclosure of the records [was] necessary to prevent the perpetration of fraud or other injustice in the matter in question." 38 C.F.R. § 1.511(c)(3)(ii). The medical records were then released pursuant to the exception for orders of a court of competent jurisdiction contained in 5 U.S.C. § 552a(b)(11). Robinett has not alleged any facts to preclude summary judgment which would show that the VA "acted in a manner which was intentional or willful." 5 U.S.C. § 552(g)(4).

Robinett argues that the district court erred in its determination that the VA's failure to notify him of the release of his records did not adversely affect him. He contends that the records custodian led him to believe that he would have

time to take legal action to prevent the release, which would have been successful because the release was unlawful. Blue brief, 19-20.

The regulations require the VA to make a reasonable effort to notify the subject that the records were disclosed under compulsory legal process.  38 C.F.R. § 1.511(d).  The regulations do not require the VA to inform the subject before the release in time for the subject to challenge the release.  Robinett has not shown a violation of the notice regulation which would give rise to a cause of action under 5 U.S.C. § 552(g)(1)(D).  Robinett has not shown any error in the district court's grant of summary judgment for the VA on his Privacy Act claim.

Robinett argues that the district court erred in dismissing his claims against State Farm and Buckley by ruling that since it had dismissed all of his claims against the VA, it no longer had jurisdiction to hear the remaining state law claims.  He contends that this is so because the district court erred in dismissing his claims against the VA under the Privacy Act.  He also argues that the claims are intertwined and that the district court had supplemental jurisdiction.  Robinett has not shown that the district court abused its discretion in declining to exercise its supplemental jurisdiction over his state law claims. The district court had dismissed all of Robinett's federal claims.  The district court did not err in granting summary judgment for the VA on the Privacy Act claims.  The district

court noted that his remaining state law claims were related to other state law claims currently pending in state court, which court was familiar with the background of the case. Robinett has not shown that the district court abused its discretion in declining to exercise supplemental jurisdiction. Cabrol v. Town of Youngsville, 106 F.3d 101, 110 (5th Cir. 1997).

Robinett argues that the district court erred in not granting his motion for a new trial under Federal Rule of Civil Procedure 59. He repeats all of the arguments he made to show that the district court erred in dismissing his claims in the first place. The district court denied Robinett's motion because he had failed to offer any evidence or arguments that would merit reconsideration. His arguments in his motion merely reiterated the arguments the district court considered and rejected in its original rulings and were not addressed to the grounds for seeking Rule 59(e) relief. R. 6-9, 26-34. The district court did not abuse its discretion in denying his motion. Midland West Corp. v. FDIC, 911 F.2d 1141, 1145 (5th Cir. 1990).

AFFIRMED; MOTION TO DISMISS APPEAL DENIED.