**Richard H. WHITE, Plaintiff, Appellee,**

v.

**NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY, et al., Defendants, Appellants.**

No. 79–1536.

United States Court of Appeals, First Circuit.

Argued April 7, 1980.

Decided June 3, 1982.

Michael M. Black, Deerfield, N. H., with whom Edward F. Smith, Concord, N. H., was on brief, for defendants, appellants.

Raymond J. Kelly, Manchester, N. H., with whom Alan Cronheim, Portsmouth, N. H., was on brief, for plaintiff, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

In 1979, the New Hampshire Department of Employment Security (NHDES) appealed to this court from the district court's award of attorneys' fees against it and that court's denial of its motion to vacate a consent decree. The relevant facts and procedural history are set forth in our earlier opinion, 1 Cir., 629 F.2d 697 (1980), and need not be repeated here. We held that plaintiff's fees request was untimely as outside the ten-day limit of Fed.R.Civ.P. 59(e) for motions to amend judgments. The Supreme Court subsequently reversed, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and remanded the case to us for further proceedings in conformity with its opinion.

The Supreme Court held that Fed.R. Civ.P. 59(e)'s ten-day limit is not applicable to requests for attorneys' fees under 42 U.S.C. § 1988. While the Court did not set out comprehensively the standards which might otherwise govern these requests, it did set forth two principles which provide helpful guidance. First, the Court noted that the district court's discretion under section 1988 "will support a denial of fees in cases in which a post-judgment motion unfairly surprises or prejudices the affected party." —— U.S. at ——, 102 S.Ct. at 1167–68. The district court here did not, of course, have the benefit of this precise formulation at the time it made the fees award. However, it rejected NHDES's arguments that plaintiff had waived his claim to fees, see infra, note 2, and that the consent decree should itself have been vacated because of unfair surprise with respect to the fees request, see infra page 286. Under these circumstances, we see no need to remand to the district court for further consideration of the issues of surprise and prejudice.

The Court also noted that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." —— U.S. at ——, 102 S.Ct. at 1168 (footnote omitted). It cited to circuit cases recommending the adoption of local rules, including Obin v. District No. 9, International Association of Machinists and Aerospace Workers, 651 F.2d 574 (8th Cir. 1981). See —— U.S. at —— n.16, 102 S.Ct. at 1168 n.16. Like the Supreme Court after it, the Obin court rejected the argument that fees requests were to be treated as coming within the ten-day limit of Fed.R.Civ.P. 59(e). Nonetheless, the Eighth Circuit expressed in Obin its "real concern over fragmentation of ap-

peals." *Id.*, at 583. With that in mind, it suggested that each of the district courts within the Circuit adopt "a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of judgment." *Id.* This suggestion seems to us well-taken. Such a rule will ensure that fees are determined while the case is fresh in the court's mind. It will relieve the losing party from continued uncertainty and prevent disputes over the timeliness of belated fees requests. And finally such a rule would make it likely that any appeals taken from a fees award will be in time for consolidation with any pending appeal on the merits, thereby avoiding piecemeal review. *See id.* We therefore recommend to the district courts within this Circuit that they each give immediate consideration to the adoption of a local rule requiring that requests for attorneys' fees under 42 U.S.C. § 1988 be filed within 21 days after the entry of judgment.

 Here, of course, there was no applicable local rule in force. In its absence, the determination of timeliness rested within the sound discretion of the district court. The delay here—approximately four and one-half months after the entry of the consent decree—was considerable, but it was not so extreme, given all the other circumstances of this case, as to necessitate a finding that the request was untimely, and the district court did not make one. *See* 629 F.2d at 701. Although well aware of the time involved, the district court plainly did not consider the motion as having been delayed unreasonably. Finding no abuse of discretion with this determination, we proceed to NHDES's other challenges to the award.

 NHDES argues that plaintiff was not a prevailing party, and therefore not entitled to attorneys' fees. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam).[1] A plaintiff who succeeds on "any significant issue in litigation which achieves some of the benefits [he] sought in bringing suit" may be considered a prevailing party for these purposes, even if vindication of his rights is achieved through a consent decree or without formal relief. *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). The plaintiff here, therefore, could properly be considered a prevailing party. He received his claimed unemployment benefits after suit was filed, and, more importantly, the district court found substantial violations by NHDES which culminated in the consent decree requiring it to comply with federal guidelines in processing claims. The district court "has broad discretion to make the initial determination of whether to allow an award of fees," *Sargeant v. Sharp*, 579 F.2d 645, 647 (1st Cir. 1978), and we see no abuse of discretion here.[2]

 NHDES also challenges the amount of the fees award, which totalled approximately $16,000. This decision rests "within the sound discretion of the district court." *King v. Greenblatt*, 560 F.2d 1024, 1026 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Again, we find no abuse of discretion. The court was aware of the criteria we set forth in *King*, and its conclusions are adequately supported. Its determination that hourly rates between $35 and $50 be used is reasonable in light of *King* and also in light of this court's refinement of *King* in *Furtado v. Bishop*, 635 F.2d 915, 920 (1st Cir. 1980). Its analysis of the hours claimed is also

---

1. The *Newman* standard for awarding fees is applicable to requests under 42 U.S.C. § 1988 (as amended). *See Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 & n.2 (1st Cir. 1978).

2. Under *Newman*, the court may refuse to grant attorneys' fees to a prevailing party if "special circumstances would render such an award unjust." 390 U.S. at 402, 88 S.Ct. at 966. There are no such special circumstances as would require us to reverse the district

court's award of fees. NHDES argues chiefly in this regard that plaintiff waived any claim to fees during settlement negotiations. The representations of counsel to the district court were somewhat conflicting, *see* 629 F.2d at 699 n.2, but as the Supreme Court noted, *see* —— U.S. at ——, 102 S.Ct. at 1164, the district court apparently found that no waiver had taken place. There is sufficient evidence to support that conclusion.

supportable, and indeed does not seem to have been seriously questioned by NHDES.

 Finally, NHDES seeks review of the district court's refusal to vacate the decree under Fed.R.Civ.P. 60(b)(1), which provides *inter alia* for relief from judgment on the ground of "surprise." NHDES argues that it was surprised by the motion for attorneys' fees, believing that entry of the consent decree (which did not mention fees) ended the litigation. The court's conclusion that plaintiff did not waive his right to seek fees, *see* note 2, *supra*, goes far toward rebutting NHDES's claim of unfair surprise. Moreover, the court could reasonably have concluded that such surprise as there might have been did not rise to a level which would justify vacating the decree itself. There was no abuse of discretion, *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir. 1976), in the district court's refusal to grant NHDES's Rule 60(b) motion.

*The fees award is affirmed.*