Joseph J. KENNELLY, et al.,
Plaintiffs-Appellees,

v.

STATE OF RHODE ISLAND, et al.,
Defendants-Appellees,

Richard D. Lemoi and Randall A.
Paulhus, Defendants-Appellants.

No. 82–1062.

United States Court of Appeals,
First Circuit.

Argued June 9, 1982.

Decided July 7, 1982.

Eileen G. Cooney, Sp. Asst. Atty. Gen., Providence, R. I., with whom Dennis J. Roberts, II, Atty. Gen., Providence, R. I., was on brief, for defendants-appellants.

Mitchell S. Riffkin, Providence, R. I., for plaintiffs-appellees.

Before COFFIN, Chief Judge, ROSENN * and BOWNES, Circuit Judges.

PER CURIAM.

This is an appeal from the amount awarded as attorney's fees pursuant to 42 U.S.C. § 1988 in a police brutality case.

The necessary facts follow. Plaintiffs-appellees Joseph J. Kennelly and Michael Kennelly are brothers. On August 9, 1975, they were taken by the Chief of Police of New Shoreham, Rhode Island, Vincent McAloon, to the New Shoreham Police Station as part of McAloon's investigation of underage drinking at a local tavern and the theft of some beer mugs from the tavern. On the way to the police station, McAloon stopped to talk to two Rhode Island State Policemen, Richard D. Lemoi and Randall A. Paulhus. After this conversation, McAloon proceeded to the police station where he questioned the plaintiffs. Present at the police station were Meredith McAloon, wife of the chief and police dispatcher, and patrolman Robert Hull. McAloon had finished questioning plaintiffs and they were about to leave when state policemen Lemoi and Paulhus came into the police station. After a short conversation with the chief outside of the hearing of the plaintiffs, Lemoi took Joseph Kennelly into an adjoining room and physically beat him. Paulhus, the other state policeman, prevented Michael Kennelly from going to the aid of his brother.

Plaintiffs brought suit against the two state policemen, Lemoi and Paulhus, the State of Rhode Island, Chief McAloon, his wife, Meredith McAloon, Patrolman Hull, and the Town of New Shoreham. At the close of plaintiffs' case, the district court granted motions for directed verdicts on behalf of all the municipal defendants. The

* Of the Third Circuit, sitting by designation.

jury returned a verdict for $25,000 in favor of both plaintiffs against the state policemen, Lemoi and Paulhus. The amount of damages was reduced by the district court to $10,000. After a hearing, the district court awarded plaintiffs' counsel attorney's fees of $13,698.00.

The only issue on appeal[1] is whether the district court erred in allowing as part of the fees against defendants-appellants Lemoi and Paulhus the time spent in discovery against the municipal defendants.

We start with the pertinent words of the statute: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. There can be no question that the plaintiffs here were the "prevailing party." *See White v. N. H. Dept. of Employment Security*, 679 F.2d 283 at 285–286 (1st Cir. 1982); *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). The issue then is whether the fee award should, in the words of the district court, "be fractionalized into successful and unsuccessful claims."

The amount of a fee award lies "within the sound discretion of the district court." *White v. N. H. Dept. of Employment Security*, 679 F.2d at 285, quoting *King v. Greenblatt*, 560 F.2d 1024, 1026 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). The district court explicitly found that the pretrial discovery as to the municipal defendants was a necessary part of plaintiffs' preparation for trial.

The Court is nevertheless convinced that the efforts which plaintiffs' counsel undertook in seeking to hold the municipal defendants liable were also reasonably necessary to the preparation of the case against the state police officers. In the course of pretrial discovery, it was incumbent upon plaintiffs' counsel to explore the degree of participation of the municipal defendants in the incident in question. At trial, the evidence adduced from the municipal defendants was useful in challenging the credibility of the state troopers' testimony.

It further found that plaintiffs' position was not frivolous or asserted in bad faith.

The district court committed no abuse of discretion or error of law.

*Affirmed.*

1. Before the district court, the defendants also contested the hourly rate.