**Sharon de la FUENTE and Murray de la Fuente, her husband, Individually and Doing Business As Tamara's Gardens, Appellants**

v.

**CENTRAL ELECTRIC COOPERATIVE, INC.**

No. 82–5585.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) on March 8, 1983.

Decided March 30, 1983.

Mark B. Aronson, Behrend, Aronson & Morrow, Pittsburgh, Pa., for appellants.

John C. Carlin, Jr., Mercer, Mercer, Carlin & Scully, Pittsburgh, Pa., for appellee.

1. Notwithstanding appellee's failure to challenge the timeliness of this appeal, the jurisdictional nature of the issue obligates us to address it *sua sponte. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *cf. White v. New Hampshire Department of Employment Security,* 629 F.2d 697, 699–700 (1st Cir.1980) (party may raise timeliness of Rule 59 motion on appeal even though not raised below since ten-day time limit is "mandatory and jurisdictional"), *rev'd on other grounds,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), *on remand,* 679 F.2d 283 (1st Cir.1982).

2. Rule 4(a)(4) provides:
    If a timely motion under the Federal Rules of Civil Procedure is filed in the district court

Before SEITZ, Chief Judge, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

On December 2, 1981, following a jury trial on liability, judgment was entered for defendant by the district court. Under Fed.R.Civ.P. 59(b), a motion for new trial must be served within ten days after the entry of judgment. On December 23, 1981, 21 days after the entry of judgment, plaintiffs served a "Motion for New Trial", which was filed the following day. The district court did not dismiss the motion as untimely, but instead entertained it, and did not deny it until September 13, 1982. Plaintiffs filed a notice of appeal on September 21, 1982. Because we conclude that the appeal is not timely, we must dismiss it for want of jurisdiction.[1]

In civil cases in which the United States or an officer or agency thereof is not a party, the notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). In this case, considerably more than 30 days elapsed between the entry of judgment on December 2, 1981, and the filing of the notice of appeal on September 21, 1982. The period for appeal is tolled under Fed.R.App.P. 4(a)(4) when certain post-trial motions are filed.[2] In order to have this effect, a motion must satisfy two conditions: "First, that motion must be one

by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

of the motions listed in [Fed.R.App.P. 4(a)(4)]. Second, it must be timely." *Richerson v. Jones,* 572 F.2d 89, 93 (3d Cir.1978); *see generally Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

■■■ A motion for a new trial under Fed.R.Civ.P. 59 is one of the motions specifically enumerated as tolling the period for taking an appeal.[3] Fed.R.App.P. 4(a)(4)(iv). However, as noted above, appellants did not serve their motion for a new trial within the ten days required by Fed.R.Civ.P. 59(b). The ten-day period is jurisdictional, and "cannot be extended in the discretion of the district court.". *Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980) (per curiam); Fed. R.Civ.P. 6(b); *see Davidson v. Dixon,* 386 F.Supp. 482, 492 (D.Del.1974), *aff'd mem.,* 529 F.2d 511 (3d Cir.1975).[4] Because the motion for a new trial in this case was untimely, it could not operate to toll the running of the 30-day appeal period under Fed.R.App.P. 4(a). The 30-day period must therefore be measured from the original entry of judgment on December 2, 1981, not from the denial of the motion for a new trial on September 13, 1982. Since the notice of appeal was not filed within the 30-day period, we are without jurisdiction to hear this appeal. *See Browder v. Director, Department of Corrections,* 434 U.S. at 264–65, 98 S.Ct. at 560–561; *Gribble v. Har-*

*ris,* 625 F.2d at 1174–75. We will therefore dismiss the appeal.[5]

---

3. Although plaintiffs did not specifically denominate their post-trial motion as a Rule 59 motion, under the Federal Rules a motion for new trial is encompassed within Rule 59(a). *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 261 n. 5, 98 S.Ct. 556, 559 n. 5, 54 L.Ed.2d 521 (1978). Neither party suggests the motion should be regarded as one for relief from judgment under Fed.R.Civ.P. 60(b), which does not have the ten-day time limitation. *Cf. Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981) (per curiam). Unlike Rule 59 motions, a motion under Rule 60(b) does not toll the time for appeal from the original judgment. An appeal from the denial of a Rule 60(b) motion "does not bring up the underlying judgment for review", and the district court's ruling may only be reviewed for abuse of discretion. *Browder v. Director, Department of Corrections,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7. Such motions should be directed to the district court in the first instance. This case is unlike the situation in *Ross v. Meagan,*

*supra,* where the court chose to consider the motion as if it had been filed under Rule 60(b) because the grounds for finding Rule 60(b) applicable were apparent on the face of the record.

4. We have examined the record and see no basis for finding any "unique circumstances", such as the detrimental reliance on the district court's erroneous extension of the ten-day period hypothesized in *Gribble v. Harris,* 625 F.2d at 1174. Therefore, we need not consider if there is any "unique circumstances" exception, and if so, its contours. *See generally* 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1168 (1969).

5. Judges Higginbotham and Sloviter note that were this matter to be considered on the merits, they would affirm the judgment of the district court. Chief Judge Seitz expresses no opinion on this issue in light of the disposition for lack of appellate jurisdiction.