**PHILLIP BRYSON, CECELIA BRYSON individually, and CECELIA BRYSON on behalf of RAY BRYSON and MOLLY BRYSON, Plaintiffs**

v.

**LITWIN PAN AMERICAN, INC., Defendant**

Civil No. 83/390

District Court of the Virgin Islands

Div. of St. Croix

January 18, 1984

EDWARD HASKINS JACOBS, ESQ., Christiansted, St. Croix, V.I., *for plaintiff Phillip Bryson*

ANITA MCCURDY, ESQ., Frederiksted, St. Croix, V.I., for *plaintiffs Cecilia Bryson, Ray Bryson & Molly Bryson*

JAMES L. HYMES III, St. Thomas, V.I., *for defendant Litwin*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

In this appeal by plaintiff/appellant from a grant of summary judgment in favor of the defendant/appellee, the Court is faced with a motion for summary dismissal on jurisdictional grounds. Appellee argues that appellant failed to timely file a motion for reconsideration of the Court's decision below, and filed an appeal outside the time permitted by statute. The appellee argues that the Court is without power to extend the time for filing such a motion. For the reasons stated herein, and with some measure of regret, will grant the motion and dismiss the appeal.

### I. FACTS

A motion for summary judgment was filed in Territorial Court by the appellee ("Litwin") against appellant ("Bryson"). Bryson filed a response to the motion, by his counsel. Argument was held and evidence was taken on behalf of both sides. All counsel for all parties participated in the hearing, including plaintiffs who have not appealed.

On September 2, 1983, the trial court signed an order granting summary judgment and dismissing the complaint. The order was entered that day. However, it was not until ten days later, Sep-

tember 12, 1983, that a notice of entry of the judgment and a copy of the judgment itself was distributed to counsel for the litigants, and they received their first notification of its entry.

Notwithstanding that Fed. R. Civ. P. 59 requires that motions for reconsideration of a final judgment by the Court be filed within ten days of the entry thereof, a motion for reconsideration in this instance was not filed until September 21, 1983. This was within ten days of the date counsel were notified of the entry of the judgment, but nineteen days after its actual entry.

On November 9, 1983, an order was signed and entered denying the motion for reconsideration on grounds it was not timely within Rule 59(e). On December 9, 1983, an appeal to the District Court was filed, ninety-eight days after the September 2, 1983, date of entry. The appeal was from the denial of the motion for reconsideration as well as from the final order itself.

Before the Court at this time is Litwin's motion to dismiss the appeal for untimeliness. Both parties have briefed the issue. It should be noted that only Bryson made any post-trial motions, and only he has appealed to the District Court. His wife, separately represented for herself and two minor children, did not appeal in any way, and the order of the Territorial Court dismissing the complaint as to them is final. This Court is without jurisdiction to consider any matters as to them, absent such an appeal. This is done, recognizing that counsel for the nonappealing plaintiffs filed a memorandum of law outlining various areas of appealability of the trial court's order of dismissal. That memorandum has no force without the filing of the appeal itself.

## II. DISCUSSION

It is uncontroverted that Bryson did not file his motion for reconsideration within the ten-day period provided by Rule 59. It is also uncontroverted that he was not able to do this because he was not even aware of the entry of the judgment for ten days. Therefore, if there was an initial mistake, it rested with the office of Clerk of Territorial Court, and not counsel for Phillip Bryson.

Thereafter, however, the time for appeal to District Court ran for thirty days from September 2, 1983. No appeal was filed within that time. Cautious counsel might have considered the fact that his filing of the motion may have been out of time, no matter what the reason, and an appeal to the District Court would have to be filed to protect that right. But the failure to file an appeal within that time, or to apply for a statutory extension of time under 28

U.S.C. § 2107, ultimately meant that Bryson was out of time on his motion, and also out of time on his appeal. An untimely motion under Rule 59 cannot toll the time for an appeal. Fuente v. Central Electric Cooperative, 703 F.2d 63, 65 (3d Cir. 1983).

This case is instructional because it includes a reference to the "unique circumstances" exception to the rule that the ten-day period is jurisdictional, and cannot be extended in the discretion of the district court. After citing Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980), Fuente, supra issues a footnote (n.4) at page 65 in which the "unique circumstances" exception is briefly discussed. This exception to the rule came about from Wolfson v. Hankin, 376 U.S. 203 (1964) where, by a five to four vote of the Supreme Court, a circuit court was reversed on its own dismissal of an appeal for untimeliness. There was no majority opinion, but by citing two prior cases the Court indicated that where a party is misled by the words or conduct of the court into believing that he need not then appeal, when in fact he must appeal under the law, he ought not to lose his right to appeal by reason of the mistake of the court. This indication is drawn from the citation by the Supreme Court to Harris Truck Lines v. Cherry Meat Packers, 371 U.S. 215 (1962) and Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964).

Were there "unique circumstances" in the case at issue? Certainly as to the filing of the motion itself there were. Bryson, having had a final judgment entered against him, could not make any motion within the ten-day period because he did not even know of the entry of judgment until the ten-day period was about to expire. He can rightly blame the administrative lapse in the office of the Clerk of Territorial Court for that untimely filing.

But the same argument cannot be made as to the untimely filing of a notice of appeal. Basic research would obviously indicate difficulty with the untimely motion, and the probability that the motion did not toll the time for appeal. Thus, there are no "unique circumstances" which would allow a late filing of the appeal, on the merits.

Where does all of this leave us?

On the one hand we have a firm rule that a court cannot extend the time for filing such post-trial motions. On the other hand we have a slim line of cases stating that under "unique circumstances," this will be overlooked. However, it should be pointed out that the Third Circuit did not suggest in Fuente, supra, that even if there were "unique circumstances," it would permit this exception for us to follow in our circuit.

487

■ While the nub of the problem which confronts Bryson is the administrative lapse in the clerk's office in notifying him of the entry of judgment, we do not find the "unique circumstance" necessary for us to consider the question of whether the exception to the rule of nondiscretion should be recognized. Notwithstanding that lapse, as we stated earlier, he still had an opportunity to timely appeal on the merits as a precautionary gesture. He did not. Thus his appeal against the denial of his motion, and on the merits, cannot stand.

The appeal will be dismissed as untimely.

THIS MATTER is before the Court on motion of the appellee for dismissal of the appeal on jurisdictional grounds. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the appeal herein from denial of the motion for reconsideration, and from the order dismissing the complaint, is hereby DISMISSED.