865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce L. HELMICH, Plaintiff-Appellant,
v.
Mark L. WAPLE; F. Stuart Clarke; H. Terry Hutchens,
Defendants-Appellees.
 No. 88-3112.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 19, 1988.
Decided: Dec. 2, 1988.
 
 Bruce L. Helmich, appellant pro se.
 Susan K. Burkhart (Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog), for appellees.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bruce L. Helmich appeals the district court's grant of summary judgment in favor of appellees and the denial of his motion for reconsideration in his action for legal malpractice. Because his appeal of the summary judgment was not timely noted, it is dismissed. The appeal of the denial of Helmich's motion for reconsideration was timely, but we affirm the district court's denial of this motion.
 
 
 2
 The district court entered its order granting summary judgment and dismissing Helmich's complaint on December 8, 1987. Helmich claims that he did not receive notice of the judgment until December 19, 1987 and he filed a motion for reconsideration nunc pro tunc on December 28, 1987. This motion was denied on May 12, 1988, and Helmich filed his notice of appeal as to the summary judgment and the denial of his motion for reconsideration on June 9, 1988.
 
 
 3
 Helmich did not specify whether the motion was a Rule 59(e) motion for new trial or a Rule 60(b) motion for relief from judgment. Because the motion was served beyond the ten-day limit for Rule 59 motions, however, it is treated as a Rule 60 motion. Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978).[1] Rule 60 motions do not toll the 30-day appeal filing limitation required by Fed.R.App.P. 4(b). Dove, supra, at 809. Therefore, Helmich's appeal was not timely noted as to the December 8, 1987 grant of summary judgment and this court does not have jurisdiction to hear that appeal. Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 264-65 (1978).
 
 
 4
 Helmich's appeal was noted within 30 days of the denial of his motion for reconsideration. Therefore, we have jurisdiction to consider that appeal. However, the district court's denial of a Rule 60(b) motion can only be reversed upon a showing of abuse of discretion. Harman v. Pauley, 678 F.2d 479, 480-81 (4th Cir.1982).
 
 
 5
 A Rule 60(b) motion will only be granted if the movant shows exceptional circumstances. Ackerman v. United States, 340 U.S. 193, 199-200 (1950); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir.1984). As Helmich has not shown any exceptional circumstances which would warrant granting the motion, it cannot be said that the district court abused its discretion in denying the motion.
 
 
 6
 Accordingly, we dismiss Helmich's appeal of the district court's order granting summary judgment on behalf of the appellees and we affirm the district court's denial of Helmich's motion for reconsideration. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED IN PART DISMISSED IN PART.
 
 
 
 [1]
 The ten-day period is measured from entry of judgment, not from the date of receipt of the judgment. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2812, at 82-83 (1973); Bryson v. Litwin Pan American Inc., 100 F.R.D. 487 (D.C.V.I.1984). In fact, the ten-day limit on Rule 59(e) motions cannot be extended by the court. Fed.R.Civ.P. 6(b)