**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE ASSA'AD-FALTAS, M.D.,
M.P.H.,
<u>Plaintiff-Appellant,</u>

No. 95-2849

v.

DAVID H. ROGERS,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-94-575-5-H)

Submitted: December 26, 1996

Decided: January 27, 1997

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Orin G. Briggs, Irmo, South Carolina, for Appellant. David H. Rogers, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marie Assa'ad-Faltas brought this legal malpractice action against her former attorney. Finding no error in the district court's decision, we affirm.

Assa'ad-Faltas claimed her North Carolina attorney failed to file a brief in another appeal before this court. See Assa'ad-Faltas v. Virginia Dep't of Health, No. 91-3025 (4th Cir. Aug. 20, 1992) (unpublished). In that appeal, we affirmed the district court's judgment against Assa'ad-Faltas. She now claims her attorney's failure to file a brief led this court to find against her.

However, we permitted the attorney to withdraw, and Assa'ad-Faltas retained substitute counsel. That attorney filed a brief on her behalf, and Assa'ad-Faltas filed a second brief herself. Thus, this court's disposition of the prior appeal was not affected by her first attorney's failure to file a brief, and Assa'ad-Faltas failed to establish that the outcome would not have occurred but for his actions. See Rorrer v. Cooke, 329 S.E.2d 355, 366 (N.C. 1985).

We also affirm the district court's denial of Assa'ad-Faltas' "Motion for a New Trial Combined with Her Motion to Deem this Motion Timely Filed." In the motion, Assa'ad-Faltas claimed only that the court clerk mistakenly returned to her two exhibits and that the district court improperly allowed Appellee to file affidavits excessive in length and substance. Assa'ad-Faltas sought to file the motion as one for a new trial under Fed. R. Civ. P. 59; however, because she filed the motion more than ten days after entry of judgment, she moved the district court to consider it timely filed. The district court agreed to consider it timely filed, but denied the motion on its merits.

The district court improperly construed the motion as timely filed under Rule 59. A Rule 59 motion must be served within ten days of entry of judgment; this period is jurisdictional and cannot be extended or waived at the district court's discretion. Fed. R. Civ. P. 6; see also de la Fuente v. Central Electric Cooperative, Inc. , 703 F.2d 63, 65 (3rd Cir. 1983).

2

However, the motion may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 60(b), see United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982), which is reviewed for abuse of discretion. Id. Nonetheless, the motion is without merit, as it failed to establish either a meritorious defense or exceptional circumstances. See Dowell v. State Fire & Cas. Auto Inc. Co., 993 F.2d 46 (4th Cir. 1993).

Accordingly, we affirm the district court's decision, but modify it to the extent that the district court improperly construed her motion as one under Rule 59. Additionally, we deny Assa'ad-Faltas' motions to strike Appellee's brief, to exclude Appellee from oral argument, to personally participate in oral argument, and for referral of this case to a specific panel. We grant her motion to file a supplemental appendix. Further, we deny Appellee's motion to dismiss the case and for sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.*

AFFIRMED AS MODIFIED

_____
*We have reviewed the remainder of Assa'ad-Faltas' claims and find them to be without merit.

3