**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2253
_____

STAR PACIFIC CORPORATION

v.

STAR ATLANTIC CORPORATION, a New Jersey Corporation; QI LU,
individually and as agent for Star Atlantic Corporation (NJ);
STAR ATLANTIC CORPORATION, a Florida Corporation;
YAFEI ZHAO, individually and as agent for Star Atlantic Corporation (FL/NJ),
a/k/a Alfred Zhao; ZHENG LI, individually and as agent for Star Atlantic Corporation
(FL/NJ),  a/k/a Michael Li; JOHN DOE #1-10; JANE DOE #1-10;
XYZ CORPORATION #1-10, all names being fictitious and presently unknown;
OCEAN TEXTILE CORPORATION; ANNA KARINA, INC

Qi Lu,
          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:08-cv-04957)
District Judge:  Hon. Susan D. Wigenton

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2013

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: August 6, 2014)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Qi Lu appeals three orders of the District Court for the District of New Jersey: (1) the grant of summary judgment to Star Pacific Corporation ("SPC"); (2) the entry of judgment against Lu; and (3) the denial of Lu's motion to alter or amend the judgment. For the reasons that follow, we will affirm in part and vacate and remand in part.

I.

SPC manufactures, markets, distributes, and sells, among other things, three-piece bathroom sets that include a toilet cover, toilet foot rug, and sink mat. The bathroom sets are categorized into different collections, based on their unique designs. SPC alleged that, in March 2007, former SPC employees Chang-Sheng Liu ("C. Liu"), Yafei Zhao, and Zheng Li, formed a new corporation in Florida called Star Atlantic Corporation ("SAC-FL"), which usurped SPC's business opportunities and directly competed with SPC by selling SPC products as its own.[1]

Lu ran a company called Belsun Fashion Co., Inc. ("Belsun"), which provided financing for Chinese-American companies in the business of importing textiles. Lu had no direct affiliation with SPC. He claims that, in late 2006 or early 2007, he was introduced to C. Liu by an attorney who was a friend of his. C. Liu and Zhao approached Lu for a loan of $50,000.00 in early 2007, which Lu provided and which was paid back. On April 20, 2007, Lu signed a Cooperation Agreement (the "Agreement") with SAC-FL

---

[1] SPC initiated a state court action against C. Liu in the Superior Court of New Jersey in November 2006, alleging breach of fiduciary duty, fraud, and civil conspiracy. In 2008, SPC prevailed in that lawsuit and was awarded $1,400,000 in addition to $450,000 in punitive damages.

2

on behalf of Belsun, which advanced to SAC-FL no less than $350,000 in working capital. In October 2007, a new corporation known as Star Atlantic Corporation in New Jersey ("SAC-NJ") was formed. Lu is named as the incorporator as well as the agent of SAC-NJ, in addition to being an officer, shareholder, and director of the corporation, signatory of two of its bank accounts, and an employee on its monthly payroll.

SPC alleges that SAC-NJ merged with SAC-FL and continued to sell SPC's products. SPC further alleges that the SAC entities copied SPC's copyrighted designs. SPC initiated the instant lawsuit in the United States District Court for the District of New Jersey, alleging copyright infringement, trade dress infringement, and unfair competition in violation of federal and state law. The District Court granted SPC's request for an order to seize the allegedly infringing goods from their location in New Jersey on October 8, 2008. However, SAC-NJ had left the New Jersey site and was operating from Georgia at that time.

By the time the District Court issued its opinion and order disposing of SPC's motion for summary judgment, Lu was the only remaining defendant, as the District Court had entered default judgment against several defendants, and several others had settled with SPC. The District Court granted summary judgment to SPC on its claim of copyright infringement pursuant to 17 U.S.C. § 501, but denied the motion as to the claim of trade dress infringement under 15 U.S.C. § 1125.[2] The District Court also dismissed

---

[2] The District Court did not address the federal and state unfair competition claims because SPC represented that those claims would be withdrawn if its summary judgment motion, which addressed only its copyright and trade dress infringement claims, were granted. Appendix ("App.") 25 n.5; 446 n.1.

3

Lu's counterclaims, which asserted that Lu's company was authorized to use SPC's copyrighted materials pursuant to a licensing agreement that Zhao entered into with SPC.

Several months later, on September 14, 2011, the District Court granted SPC's motion for entry of final judgment against Lu, pursuant to Federal Rule of Civil Procedure 54(b), in the amount of $4,547,605.38. Lu did not oppose the motion, and claims that he was not informed by his former counsel that SPC had filed such a motion. After retaining new counsel, Lu filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e).[3] The District Court denied the motion, holding that Lu's motion was untimely and that, even if it were timely, Lu had not met the high standard required for such relief.

## II.

The District Court had jurisdiction over this matter under 28 U.S.C. § 1331, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment, applying the same standard employed by the District Court. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). That is, we "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In doing so, "we view all evidence in the light most favorable to the non-moving party." Kurns v. A.W. Chesterton Inc., 620 F.3d 392, 395 (3d Cir. 2010).

---

[3] Lu also filed a motion for relief from judgment or order, pursuant to Federal Rule of Civil Procedure 60(b). However, because Lu does not appear to appeal the District Court's denial of his Rule 60(b) motion, we will not address the District Court's Rule 60 analysis in this opinion.

4

We review a district court's ruling on a Rule 59(e) motion for an abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A denial of a Rule 59(e) motion to alter or amend "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).

As for the District Court's entry of judgment on damages, we review the court's calculation of damages for clear error. See Lerman v. Joyce Intern., Inc., 10 F.3d 106, 113 (3d Cir. 1993).

### III.

Lu seeks review of the District Court's partial grant of summary judgment, the amount of final judgment entered against him, and the District Court's denial of his Rule 59(e) motion.

### A.

We first consider the timeliness of this appeal. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This period is tolled, however, when certain post-trial motions are filed. In order to trigger tolling, a motion must satisfy two conditions: "First, that motion must be one of the motions listed in [Fed. R. App. P. 4(a)(4)]. Second, it must be timely." See de la Fuente v. Central Elec. Co-op., Inc., 703 F.2d 63, 64-65 (3d Cir. 1983) (citing Richerson v. Jones, 572 F.2d 89, 93 (3d Cir.1978)). Rule 4(a)(4)(iv) provides that, if a party "timely files" in the district court a motion to alter or amend under Rule 59, then

5

"the time to file an appeal runs for all parties from the entry of the order disposing of" the Rule 59 motion. Fed. R. App. P. 4(a)(4)(iv).

Here, it is not disputed that the notice of appeal was filed within 30 days of the District Court's order denying Lu's Rule 59(e) motion. To decide whether this appeal is timely for our purposes, we must determine whether Lu's Rule 59(e) motion was timely filed in the District Court. The District Court found that Lu's Rule 59(e) motion was not timely filed, but it nonetheless reached the merits of Lu's motion in its March 30, 2012 order and opinion.

Federal Rule of Civil Procedure 59(e) provides that a party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Since the District Court entered judgment against Lu on September 14, 2011, Lu was required to file his motion to amend the judgment by October 12, 2011. Lu's counsel assert that the District Court's electronic case filing ("ECF") system experienced technical difficulties on the evening of October 12, 2011, and that, despite numerous efforts to file the motion between 8:30 PM and 10:30 PM on October 12, they were unable to file the motion on the ECF system until the next day. Counsel submitted a sworn affidavit to this effect to the District Court on October 31, after following up with the clerk's office and the District Court's chambers by telephone and in writing on October 13 and October 14, 2011. See App. 1192-95.

The District Court found that Lu's motion was untimely because he failed to comply with the New Jersey Local Civil Rule 5.2(15), which provides:

6

> If an ECF Filing User experiences a technical failure [of the ECF system], the document may be submitted to the Court that day in an alternative manner, provided that it is accompanied by an affidavit of the ECF Filing User's failed attempts to file electronically at least two times at least one hour apart after 12:00 noon.

Local Civ. R. 5.2. In the event of "only the Court's technical failure," the Local Rule identifies three "acceptable" methods for filing: (1) in person; (2) via e-mail; or (3) through facsimile transmission to the clerk's office. Local Civ. R. 5.2(15). As the District Court observed, Lu did not use any of these three alternative methods.

We have noted, however, that the Federal Rules of Civil Procedure take precedence "with regard to the procedural aspects of litigation in federal courts." Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 255 (3d Cir. 1986) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). Here, the Local Rule identifies alternative methods of filing in the event of a technical failure. Federal Rule 6(a)(3), on the other hand, provides that, "if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3). According to the Federal Rule, which takes priority over the Local Rule (and, in this case, does not conflict with the Local Rule), Lu's Rule 59(e) motion was timely filed on October 12, 2011 — the "first accessible day" following the day on which the clerk's office was inaccessible.

## B.

Proceeding to the merits of this appeal, we consider whether the District Court erred in granting SPC's motion for summary judgment as to the copyright infringement claims. Federal copyright law creates a cause of action against "[a]nyone who violates

7

any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Lu does not dispute that SPC owned the copyright that SAC-NJ and SAC-FL allegedly infringed; rather, he argues that there are genuine issues of material fact as to whether he had the knowledge required to be personally liable for such infringement. He further contends that he "was shown a copy of the License Agreement between SPC and SAC-FL in May 2007," which "purported to give SAC-FL a license in SPC's copyrights." Lu Br. 30.

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). Section 410(c) provides that "the certificate of a registration made before or within five years after first publication of [a] work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). As the District Court found, it is undisputed that SPC owns such federal copyright registrations for its Excel, Deluxe Palm Tree, and Star Pacific 2005 collections. App. 154-70. Furthermore, the District Court concluded that "Lu does not dispute that he and the other Defendants had access to SPC's designs or that SAC-NJ's designs are substantially similar to SPC's." App. 29.

A defendant may be found liable for copyright infringement on a direct or contributory theory of liability. Direct copyright infringement requires, in addition to the two elements listed supra, a showing of volitional conduct — "specifically, the act constituting infringement" — by the defendant himself. CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 551 (4th Cir. 2004). The District Court held that Lu, as "officer,

8

director, agent, and shareholder" of SAC-NJ was "clearly substantially embroiled in SAC-NJ's management and operations" and therefore could be held personally liable for copyright infringement. App. 30. The District Court found, alternatively, that Lu was also liable under a contributory infringement theory. The doctrine of contributory infringement permits "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing activity of another, [to] be held liable as a 'contributory' infringer." Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984) (quotation marks omitted).

Lu argues that because a factual dispute remains as to whether or not he was aware of SAC-NJ's infringing activity, the District Court erred in granting summary judgment to SPC. Lu contends that the District Court ignored Lu's evidence that, among other things, he "had no involvement with the management or control of SAC-NJ or SAC-FL," and that "Mr. Lu was not aware of any infringing activities." Lu Br. 27. Lu further argues that the District Court erred in making a credibility determination improperly at the summary judgment stage, where the court found that "Lu is not truthful in his denials of knowledge of infringement" because "[t]he record demonstrates that [Lu] actively participated in SAC-NJ's management and operation." App. 30.

Because we review the grant of summary judgment de novo, we need not consider whether the District Court's comments on Lu's truthfulness were properly made in the procedural posture in which they were offered. SPC points to ample evidence in the record establishing Lu's involvement and authority within SAC. See, e.g., App. 152 (business entity status report indicating that Star Atlantic Corporation, a New Jersey

9

corporation, was incorporated by Qi Lu, who was also listed as the corporate agent and officer); App. 689 (Lu's deposition, wherein he states that he was SAC president in the summer of 2008); App. 273-74 (SAC monthly expense statement listing Lu as receiving a salary of $42,000.00). In Columbia Pictures, we held that an individual's status as a principal in an infringement venture is strong evidence of liability for contributory infringement. 749 F.2d at 160. Moreover, in underscoring that knowledge of infringing activities may be imputed to an infringer's employer, we cited the Court of Appeals for the Second Circuit, which has reasoned as follows: "the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials — even in the absence of actual knowledge that the copyright monopoly is being impaired — the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of that exploitation." Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963) (citations omitted).

We agree with the District Court that Lu's assertions that he did not have knowledge of SAC's infringing activities are unavailing. On its own, the defendant's testimony is insufficient to create a genuine issue of material fact in the face of the abundant objective evidence of Lu's position of authority within SAC. Accordingly, we will affirm the District Court's grant of summary judgment as to SPC's copyright infringement claim.[4]

---

[4] We will also affirm the District Court's denial of Lu's motion to alter judgment under Rule 59(e) as to the copyright infringement claim, as the District Court did not abuse its discretion in holding that Lu did not show that the controlling law changed after the entry of judgment, that evidence previously unavailable became available, or that the District

10

C.

We next consider Lu's challenge to the District Court's entry of final judgment against Lu on September 14, 2011 in the amount of $4,547,605.38. The District Court's judgment indicates that that figure was reached by "review[ing] the submissions of the parties and hear[ing] the arguments of counsel" for both parties, "and for the reasons set forth on the record on August 1, 2011." App. 16. The parties agree before this Court that Lu did not file opposition to SPC's motion for judgment in that amount.[5] Furthermore, as the District Court's docket reveals, no hearing in this matter appears to have been held on August 1, 2011. App. 65.

We have noted that "the factual allegations in a complaint, <u>other than those as to damages</u>, are treated as conceded by the defendant for purposes of a default judgment." <u>DIRECTV, Inc. v. Pepe</u>, 431 F.3d 162, 165 (3d Cir. 2005) (emphasis added). In addition, the Court of Appeals for the Second Circuit has held in the context of the grant of a default judgment pursuant to Federal Rule of Civil Procedure 55 that "[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir.

---

Court had committed clear error. <u>See</u> <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995) ("A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." (quotation marks omitted)).

[5] Lu claims that he was unaware that the motion for entry of judgment had been filed, because his prior counsel failed to notify him. SPC argues that Lu has waived his right to challenge the amount of judgment by failing to do so before the District Court. We need not address the waiver issue because we hold that, even without opposition papers from Lu, the District Court had an independent duty to inquire into the amount of judgment sought by SPC.

11

1999). We hold that the same is true for the entry of damages pursuant to Rule 54(b); whatever the reason for Lu's failure to oppose the entry of judgment, the court cannot simply accept the number requested by the plaintiff without demonstrating that it has undertaken some measure of scrutiny. In this case, because the District Court's order refers to a hearing that appears not to have taken place, as well as to a submission on Lu's behalf that appears not to exist, we cannot assume that the necessary inquiry was conducted when the District Court accepted the figure requested by SPC. Therefore, we will vacate the September 14, 2011 entry of judgment against Lu with regard to damages, and we will remand for the District Court to conduct the requisite inquiry.[6]

## IV.

For the foregoing reasons, we will affirm in part and vacate and remand in part.

---

[6] For the same reasons, we will also vacate the District Court's denial of Lu's motion to alter judgment under Rule 59(e) as to the entry of judgment on damages.