UNITED STATES, Appellee,

v.

**Private (E–2) Alford E. WASHINGTON, SSN 544–86–4955, United States Army, Appellant.**

CM 441313.

U. S. Army Court of Military Review.

16 March 1982.

Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant, in accordance with his pleas of guilty, was convicted of aggravated assault, rape, robbery and kidnapping in violation of Articles 128, 120, 122 and 134 of the Uniform Code of Military Justice (10 U.S.C. §§ 928, 920, 922 and 934). He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for forty years. The convening authority, conforming with a pretrial agreement, approved the sentence but suspended the execution of that portion of the sentence to confinement in excess of fifteen years.

After the appellant raped his victim, he beat her into a state of unconsciousness. He left her for a moment and then returned and removed a watch from her arm. This was the basis for the robbery charge. The appellant on appeal contends that his pleas of guilty to the robbery charge were improvident as he did not form the intent to steal until after the assault had been consummated.[1]

The Army courts have differed on this issue. In *United States v. Brown*, 4 C.M.R. 342 (A.B.R.), *pet. denied*, 2 U.S.C.M.A. 671, 6 C.M.R. 130 (1952), the accused assaulted his victim rendering her semi-conscious. He then raped her and stole money from her handbag. The Board of Review affirmed the robbery conviction, holding that it was sufficient that the property was taken while the victim "was in a helpless condition brought about by the force and violence of the accused." *Id.* at 348.

In two later cases, however, Army courts came to a contrary conclusion. *United States v. Gill*, 47 C.M.R. 503 (ACMR 1973); *United States v. Swisher*, 28 C.M.R. 470 (A.B.R.) *pet. denied*, 10 U.S.C.M.A. 699, 28 C.M.R. 414 (1959).[2] *Cf. United States v. Hamlin*, 33 C.M.R. 707, 711 (A.F.B.R. 1963), where the Air Force Board of Review, citing *United States v. Brown*, *supra*, stated that it is immaterial whether the force and violence was for the purpose of robbery or that the taking occurred after completion of the assault if the property was taken while the victim "was placed in a vulnerable position brought about by the continued use of force and violence by [the] accused...." *See United States v. Thomas*, 11 M.J. 388, 394 (C.M.A. 1981), where Chief Judge Everett, citing *Hamlin* and other authority, noted that "there is some precedent that a robbery has been committed when an accused assaults a victim and then, having reduced him to helplessness, for the first time formulates the specific intent to de-

---

1. Article 122 of the Code provides pertinently that anyone subject to the Code who "with intent to steal takes anything of value from the person or in the presence of another, against his will, by means of force or violence ... is guilty of robbery...." As a general principle, the perpetrator's state of mind and his conduct must concur. *See Lafave* and *Scott*, Handbook on Criminal Law (1972) at 701–2. In this regard, the Manual for Courts-Martial, United States, 1969 (Revised edition), provides at paragraph 201: "For a robbery to be committed by force or violence, there must be actual force or violence to the person, preceding or accompanying the taking against his will, and it is immaterial that there is no fear engendered in the victim."

2. Unfortunately, the Court in *Gill* cited no authority and did not delineate precisely the facts on which it based its holding other than to say that the intent to steal occurred sometime after the assault. The Board in *Swisher* set forth the facts, which show a theft from an unconscious victim, but relied on dubious authority for its decision.

prive him permanently of his property." *See also United States v. Burns*, 5 U.S.C. M.A. 707, 712, 19 C.M.R. 3, 8 (1955) (Latimer, J., concurring).

The cases in the civilian sphere are also split on this issue. The weight of authority, however, favors the view that robbery may occur even though the intent to steal occurs after the commission of the assault notwithstanding the necessity for a concurrence of conduct and the criminal state of mind. *See Lafave* and *Scott*, Handbook on Criminal Law (1972), at 701–2 and cases cited thereat. We agree and hold that the appellant's plea of guilty to the robbery was not improvident.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge FOREMAN concur.