

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Fell v. Zenk

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fell v. Zenk" (2005). *2005 Decisions*. Paper 853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3002
_____

THOMAS E. FELL,

Appellant

v.

MICHAEL ZENK

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00266)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
JULY 1, 2005

Before:   RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed : July 13, 2005)
_____

OPINION
_____

PER CURIAM

       This is an appeal by Thomas E. Fell from an order dismissing his petition for a writ

of habeas corpus.  Fell was convicted in 1989 of felony murder, robbery, and sodomy

following a general court martial, and he is serving a sentence of imprisonment of 25

years.  His conviction was affirmed by the Army Court of Military Review, see United States v. Fell, 33 M.J. 628 (A.C.M.R. 1991),[1] and review was denied by the Court of Military Appeals, see United States v. Fell, 36 M.J. 40 (C.M.A. 1992).  Fell, who was at the time imprisoned at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania.  The District Court denied his petition and motion for reconsideration, and this appeal followed.

We will affirm.[2]  The United States District Courts have jurisdiction under 28

---

The Army Court of Military Review is now known as the Army Court of Criminal Appeals.

We conclude that we have jurisdiction.  Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal be filed within 60 days after entry of judgment where the United States is a party.  Judgment was entered in this case on January 27, 2004.  Fell's notice of appeal filed on July 15, 2004 was filed several months too late.  A timely filed Rule 59(e) motion for reconsideration will toll the time for taking an appeal, Fed. R. App. Pro. 4(a)(4)(A)(iv), but Fell's motion for reconsideration was not filed until February 23, 2004.  Federal Rule of Civil Procedure 59(e) provides that such a motion be filed no later than 10 days after entry of the judgment, or in this case by February 10, 2004.  The District Court granted Fell an extension of time to file his motion for reconsideration, but a district court may not waive or extend the time period in which to file a Rule 59(e) motion.  de la Fuente v. Central Electric Co-op, Inc., 703 F.2d 63, 65 (3d Cir. 1983).  See also Fed. R. Civ. Pro. 6(b).  The Court's order doing so thus is a nullity.  However, a prisoner's motion for reconsideration will be deemed filed at the time it is delivered to prison authorities for mailing.  Smith v. Evans, 853 F.2d 155, 161 (3d Cir. 1988).  We find that Fell delivered his motion for reconsideration to prison authorities for mailing on February 8, 2004.  We base our conclusion on the fact that his affidavit in support of his motion for reconsideration is dated February 7.  The motion for reconsideration includes a certificate of service indicating a mailing date of "January 8, " which we do not believe was the correct mailing date; however, Fell could have merely misstated the month.  Because we find that the motion was mailed on February 8, it was timely under Smith v. Evans, and tolled the time for taking an appeal.  The order denying

U.S.C. § 2241 over habeas corpus petitions filed by persons confined pursuant to a sentence received from a military court. However, absent a challenge to the constitutionality of the statute under which the petitioner was convicted, a court's inquiry in a military habeas case may not go further than its inquiry in a state habeas case. Brosius v. Warden, U.S. Penitentiary, Lewisburg, PA, 278 F.3d 239, 245 (3d Cir. 2002) (citing Burns v. Wilson, 346 U.S. 137, 142 (1953) ("In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings.")).

We thus have assumed, for the sake of argument, that 28 U.S.C. § 2254(d) applies, see Brosius v. Warden, U.S. Penitentiary, Lewisburg, Pa., 278 F.3d 239, 245 (3d Cir. 2002) and we may not grant relief unless the Army Court's determination on the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Id. Such a rule makes sense because the Army Court's review is by no means a perfunctory one. See 10 U.S.C. § 866(c).[3]

---

the motion for reconsideration was entered on the docket on May 26, 2004. The notice of appeal filed on July 15, 2004 was filed within 60 days of that order.

Section 866(c) provides:

> In a case referred to it, the Court of Criminal Appeals may ... affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

On direct appeal to the Army Court of Military Review, Fell argued that the military judge erred by not giving panel members the felony murder instruction he requested, specifically, that he must have had the intent to commit the underlying felony at the time of the actions that caused the victim's death, and by giving a mistake in fact instruction that was defective. He also argued that the military judge erred in not properly accounting for the panel members as required by Rule for Courts-Martial § 813(a), and in denying his motion for a finding of not guilty of felony murder. Last, he argued that the evidence was insufficient to support the felony murder, robbery, and sodomy convictions. Additionally, Fell raised two issues personally, see United States v. Grostefon, 12 M.J. 431, 436-37 (C.M.A. 1982) (providing for means to raise issues appellate counsel deems unworthy), that he was denied a fair trial because the military judge referred to his statement as a confession, and his sentence was excessive.

In a thorough opinion affirming, the Army Court found that the military judge did err with respect to the mistake of fact instruction; however, the court ruled that Fell suffered no prejudice as a result of the error. Fell, 33 M.J. at 632. The Army Court found no error with respect to the military judge's refusal to give the felony murder instruction requested by the defense, because the intent to steal required in robbery may be formed after the commission of an assault which renders the victim helpless. Id. (citing United States v. Washington, 12 M.J. 1036 (A.C.M.R. 1982)). The Army Court did conclude

10 U.S.C. § 866(c) (West 1998).

4

that the military judge erred by failing to account for all panel members as required by R.C.M. 813(a)(4); however, the error was not jurisdictional in nature and Fell suffered no prejudice as a result. Id. at 633-34. The Army Court rejected the remaining claims, including those Fell raised personally.

A concise list of Fell's numerous federal civil habeas claims, including several that were not raised on direct appeal, appears in the appellee's brief at pp. 11-13. The Magistrate Judge, in a Report and Recommendation, which the District Court adopted, concluded that Fell had received "full and fair consideration" of all issues raised in the military courts, and he thus was not entitled to habeas relief in a civil court. Claims not raised in the military courts were waived.[4]

Fell moved for reconsideration, contending, among other things, that the District Court incorrectly concluded that he had not raised four of his habeas claims in the military courts. Those claims were that the Staff Judge Advocate provided the convening authority with advice that was materially inaccurate in violation of his duty under Article

---

In addition, Fell amended his habeas petition to challenge the United States Parole Commission's failure to give him meaningful and annual reviews, and the Bureau of Prisons' failure to re-credit him with certain forfeited good time credits. The Magistrate Judge concluded, and the District Court agreed, that the United States District Court for the District of New Jersey previously had addressed the parole claim in a separate action and properly rejected it. The sentence computation claim could not be pressed against the Bureau of Prisons, because only the Commandant, pursuant to regulation, can restore lost good time for military prisoners in the custody of the Bureau of Prisons. Fell's remedy, if any, would lie with the Department of the Army. Fell has not pursued these issues concerning parole matters and sentence calculation on appeal, and we thus will not address them further.

34, 10 U.S.C. § 834, he received ineffective assistance of counsel, the military judge presiding at his court martial was biased, and the prosecutor committed misconduct in making an inflammatory argument.

In its original order the District Court determined that it could not address these issues because Fell did not raise them on direct appeal to the Army Court of Military Review. On reconsideration, the District Court noted that Fell raised these issues in subsequent military habeas petitions to the Army Court of Criminal Appeals and the Court of Appeals to the Armed Forces. Although the District Court still believed that the issues were waived, it held in the alternative that Fell had failed to show that the claims were not fully and fairly considered by the military courts, as required by Burns v. Wilson, 346 U.S. 137, 142 (1953). Because he failed to make the required showing, relief in a civil court was unavailable to him.

On appeal, Fell appears to raise the same arguments he raised in his motion for reconsideration. Turning to those arguments, the record shows that Fell raised all but the first of them in a pro se Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus with the Army Court of Criminal Appeals. He raised the first argument in a petition to the Court of Appeals for the Armed Forces. He also unsuccessfully appealed these decisions. Although we might agree as a general matter that, if an issue was not raised at any time in the military courts, we may not review it, Watson v. McCotter, 782 F.2d 143, 154 (10th Cir. 1986), the issue presented by this appeal, whether Fell properly

resorted to military habeas petitions to raise claims that were not raised on direct appeal, is not that issue.

Fell adequately established that his four arguments were raised in petitions for extraordinary relief filed in the United States Army Court of Criminal Appeals and the United States Court of Appeals for the Armed Forces. We are not persuaded that these arguments would not have been given due consideration such that we would hold them waived. See, e.g., Diaz v. Navy Judge Advocate General, 59 M.J. 34, 37 (C.A.A.F. 2003) (granting petition for extraordinary relief, and remanding to Navy-Marine Corps Court of Criminal Appeals, where delay in direct appeal jeopardized due process guarantee); United States v. Murphy, 50 M.J. 4, 5 (C.A.A.F. 1998) (discussing openness to collateral challenges based on ineffective assistance of counsel notwithstanding absence of § 2255 procedure).

However, even assuming that these arguments are not waived, we agree with the District Court that they do not provide a basis for habeas relief in a civil court. We have carefully reviewed the record, and we conclude that Fell's constitutional rights were not violated. See Brosius, 278 F.3d at 244 (in Burns "a majority of the Court ... applied a deferential standard of review to the claims that, on the undisputed facts, the habeas petitioners' constitutional rights were violated"). The essential facts here are not in dispute.[5] Fell had consensual sex with an individual he believed to be a woman, and upon

_____

The *legal significance* of the facts was, of course, disputed.

7

discovering that the individual was a man, beat him, broke his neck, robbed him after rendering him helpless, and left him alone and without assistance. The man later died of his injuries.

Claims of ineffective assistance of counsel and prosecutorial misconduct ultimately turn on actual prejudice and the reliability of the verdict. See United States v. Quick, 59 M.J. 383, 387 (C.A.A.F. 2004) (addressing ineffective assistance of counsel claims); United States v. Meek, 44 M.J. 1, 5 (C.A.A.F. 1996) (addressing claims of prosecutorial misconduct). The finding of guilty in Fell's case was reliable. In addition, there is no evidence on this record to indicate that the military judge was biased, that the Staff Judge Advocate misrepresented to the convening officer the Article 32 investigating officer's conclusion that the evidence pointed to voluntary manslaughter rather than felony murder, or that the defense was willing to plead guilty to felony murder. The decision of the military courts to deny relief on these claims is thus not contrary to federal law nor an unreasonable application of it. It is entitled to deference, cf. 28 U.S.C. § 2254(d)(1), and there is no basis for granting *habeas* relief here.

To the extent that Fell also challenges on appeal the District Court's determination that he received "full and fair consideration" of all issues raised on direct appeal, we agree with the District Court, for the reasons given by the District Court, that the Army Court's written opinion establishes that it undertook an analysis of the relevant law and decided the issues in accordance with military precedent. See District Court Opinion, at

8

7-10; Order Denying Motion for Reconsideration, at 4-5 n.2. That decision is entitled to deference, cf. 28 U.S.C. § 2254(d)(1), and does not provide a basis for a civil court to grant *habeas* relief.

We will affirm the order of the District Court denying the habeas petition and motion for reconsideration.